Singh v. Lynch

BIA
A072 409 681

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand sixteen.

PRESENT:
      ROBERT A. KATZMANN,
         *Chief Judge,*
      REENA RAGGI,
      CHRISTOPHER F. DRONEY,
         *Circuit Judges.*

_____

BARIJINDER SINGH,
      *Petitioner,*

     v.               13-2620
                       NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Viney Gupta, Orange, CA.

FOR RESPONDENT:      Joyce R. Branda, Acting Assistant Attorney General; Kiley Kane, Senior Litigation Counsel; Jeffrey R. Meyer, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and in part DISMISSED.

Barijinder Singh, a native and citizen of India, seeks review of the June 12, 2013, decision of the BIA denying his motion to rescind and reopen. *In re Barijinder Singh,* No. A072 409 681 (B.I.A. June 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history.

When, as here, an alien seeks both rescission of an in absentia deportation order, as well as reopening of deportation proceedings based on new evidence, the motion is treated as comprising distinct motions to rescind and to reopen. *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). We review the BIA's denial of a motion to rescind and a motion to reopen for abuse of discretion. *Maghradze v. Gonzales*, 462 F.3d 150, 152 (2d Cir. 2006). "An order entered in absentia in deportation proceedings may be rescinded only upon a motion filed: (1) [w]ithin 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances beyond [his] control . . .; or (2)

2

[a]t any time if the alien demonstrates that he or she did not receive notice . . . ." 8 C.F.R. § 1003.23(b)(4)(iii)(A); *see also* 8 U.S.C. § 1229a(b)(5)(C). A claim of "ineffective assistance of counsel can constitute an 'exceptional circumstance' warranting the reopening of a deportation order entered in absentia." *Aris v. Mukasey*, 517 F.3d 595, 596 (2d Cir. 2008) (citation omitted).

Here, the BIA did not abuse its decision in declining to revisit Singh's assertion that he had not received notice, because it had previously considered and rejected that claim, and Singh did not petition for review of that decision. *See U.S. v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). Regardless, notice was properly sent to Singh's counsel of record by certified mail. See *Song Jin Wu v. INS*, 436 F.3d 157, 162 (2d Cir. 2006).

Moreover, the BIA reasonably ruled that, even if it were to consider Singh's ineffective assistance of counsel claim, equitable tolling would be inappropriate because Singh failed to make the required showing that he acted with diligence in pursuing that claim during the 17-year period he sought to toll. *See Jin Bo Zhao v. INS*, 452 F.3d 154, 156-57 (2d Cir. 2006). Singh was clearly aware of his 1995 in absentia deportation order by at least 2001, when he

3

filed his first motion to rescind, but failed to raise his ineffective assistance claim for another twelve years, during which time he filed multiple additional motions to reopen. *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008) (holding that petitioner failed to exercise due diligence when, after he should have known of his initial counsel's ineffectiveness, he waited fourteen months to pursue the claim). Accordingly, the BIA did not abuse its discretion in denying Singh's motion insofar as he sought rescission.

An alien seeking to reopen proceedings to present new evidence of his eligibility for relief may file only one motion to reopen no later than 90 days after the date of the final administrative decision, unless an exception applies. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Singh's most recent motion to reopen, his fourth, was number-barred and untimely filed in 2013, more than 17 years after he was ordered deported in absentia. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i).

The statute and regulations governing motions to reopen do not provide an exception to the applicable time and numerical limitations based on purported eligibility for adjustment of status, leaving the BIA's sua sponte reopening

4

authority as Singh's only avenue for reopening. *See Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) ("Because Mahmood's untimely motion to reopen was not excused by any regulatory exception, his motion to reopen could only be considered upon exercise of the Agency's *sua sponte* authority."); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009). We lack jurisdiction to review the BIA's decision not to exercise its sua sponte reopening authority to permit Singh to apply for adjustment of status based on the visa petition filed by his wife because sua sponte reopening under 8 C.F.R. § 1003.2(a) is "entirely discretionary." *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED in part and in part DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5